IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

| | |
|---|---|
| SELLING TAMPA BAY, LLC, a Florida Limited Liability Company | CASE NO: |
| Plaintiff, | COMPLAINT FOR INJUNCTIVE RELIEF & DECLARATORY JUDGMENT |
| v. | |
| JENNIFER GUILIANO ZALES, LLC, a Florida Limited Liability Company; COLDWELL BANKER RESIDENTIAL REAL ESTATE, LLC, a California Limited Liability Company; JENNIFER GUILIANO ZALES, an individual | DEMAND FOR JURY TRIAL |
| Defendants. _____/ | |

## COMPLAINT

Plaintiff, SELLING TAMPA BAY, LLC, by and through the undersigned counsel and this Complaint, sues Defendants JENNIFER GUILIANO ZALES, LLC, COLDWELL BANKER RESIDENTIAL REAL ESTATE, LLC and JENNIFER GUILIANO ZALES and says and alleges as follows:

### NATURE OF THE ACTION

1.   This is a civil action for trademark infringement and unfair competition arising under the federal Lanham Act, 15 U.S.C. §§ 1114, 1125(a), and 1125(d), as well as a related Florida state law claim. Plaintiff offers a wide variety of services, including real estate brokerage services. Plaintiff owns valuable rights and goodwill in its SELLING TAMPA BAY trademark, which it has used continuously since at least as early as 2011 (Registration No. 5,595,180). Plaintiff

became aware that, despite its longstanding and well-established trademark rights in its mark, Defendants began using SELLING TAMPA BAY for an advertisement and sponsorship promoting sales, services and support with a focus on customers in the real estate brokerage industry. Many of Defendants' customers are potential clients of Plaintiff.

## THE PARTIES

2.     Plaintiff, SELLING TAMPA BAY, LLC is now, and has been since June 7, 2011, a Florida Limited Liability Company, with its principal place of business and headquarters in Tampa, Florida.

3.     Upon information and belief, Defendant JENNIFER GUILIANO ZALES, LLC ("JGZ") is a Florida Limited Liability Company formed August 18, 2010. JGZ's principal place of business and headquarters are located at 500 N. Westshore Blvd, Suite 850, Tampa, FL 33609 and a service address of 301 W. Platt St., Suite 396, Tampa, FL 33606.

4.     Upon information and belief, Defendant COLDWELL BANK RESIDENTIAL REAL ESTATE LLC ("COLDWELL") is a California Limited Liability Company with a Foreign Limited Liability Company registration in Florida. COLDWELL's principal place of business is 175 Park Avenue, Madison, NJ 07940 and its Florida registered agent is Corporate Creations Network, Inc., 801 US Highway 1, North Palm Beach, FL 33408.

5.     Upon information and belief, Defendant JENNIFER GUILIANO ZALES ("ZALES") is the managing member of JGZ. ZALES address for purposes of notice and service is 6031 Beach Shores St, Tampa, FL 33616.

## JURISDICTION AND VENUE

6.     Venue is proper in this judicial district pursuant to 28 U.S.C. § 1391(b)(2) because a substantial part of the events giving rise to the claims asserted in this Complaint occurred in this

judicial district and/or a substantial part of the property that is the subject of the action is situated in this district.

7. The claims of trademark infringement and unfair competition asserted in this action arise under the provisions of the Lanham Act, 15 U.S.C. § 1501 et seq. This Court has original jurisdiction over these claims pursuant to 15 U.S.C. § 1121(a) and 28 U.S.C. § 1338(a). This Court further has jurisdiction of the Florida state law claim pursuant to 28 U.S.C. § 1367.

8. Pursuant to Fla. Stat. 48.193, this Court has personal jurisdiction over JGZ because the company does business in Florida and is registered as a limited liability company in Florida.

9. Pursuant to Fla. Stat. 48.193, this Court has personal jurisdiction over COLDWELL because the company does business in Florida and is registered as a foreign limited liability company in Florida.

10. Pursuant to Fla. Stat. 48.193, this Court has personal jurisdiction over JENNIFER GUILIANO ZALES because the individual both resides in the state of Florida and is the managing member of JGZ, a Florida Limited Liability Company.

11. All conditions precedent to the commencement of this action, if any, have been performed, satisfied, waived, excused or have occurred.

## FACTUAL BACKGROUND

12. Plaintiff re-avers and re-states the foregoing Paragraphs 1-9 inclusively as if fully set forth herein.

13. Since its establishment in 2011, Plaintiff markets and provides a variety of services, including, but not limited to, real estate brokerage services.

14. Plaintiff has been providing such services under the **SELLING TAMPA BAY** trademark since at least as early as June 2011.

15. Over the past few years, Plaintiff has expended a great deal of time and funds building and promoting the business operated under the mark, resulting in substantial goodwill and consumer recognition.

16. Plaintiff is the owner of a registration with the United States Patent and Trademark Office ("USPTO"), Registration No. 5,595,180, **SELLING TAMPA BAY** for "Real estate brokerage," a true and correct copy of the certificate for which is attached hereto as **Exhibit 1**.

17. This registration is valid and subsisting, and has not been cancelled, revoked, or abandoned and is referred to here as "the Mark."

18. As a result of Plaintiff's sales and advertising of its services under the Mark, the widespread sale and rendition of such services to the public under the Mark, and the quality services rendered and sold under the Mark, such services have come to be, and now are, well and favorably known to the trade and public under the Mark. The Mark is a means by which such services are identified as being sold and rendered by the Plaintiff.

19. As a result of Plaintiff's sales and advertising of its services under the Mark, and the quality of the services sold and rendered under the Mark, valuable goodwill in the business as represented by the Mark has been generated. The goodwill is symbolized by the Mark, and Plaintiff is the owner of the goodwill in the Mark.

20. Defendant JGZ is the Real Estate Sales Associate Licensee employed by COLDWELL under Florida Sales Associate License No. 247822.

21. Despite Plaintiff's common law rights and federal trademark registrations for the Marks, Plaintiff became aware that Defendants began using **SELLING TAMPA BAY** (hereinafter referred to as "Defendants' Mark") in advertisements and sponsorships promoting its real estate brokerage services as evidenced by the following screenshot from May 19, 2021:



22.     Specifically, Defendants advertise that luxury real estate services using Defendants' Mark in a variety of print and online publications, including the Tampa Bay Business Journal, PewterReport.com, and other related mediums.

23.     By virtue of the foregoing, Defendants are infringing upon Plaintiff's Mark and unfairly competing with Plaintiff. Defendants' use in connection with its business is likely to cause confusion, mistake, or deception among the trade and the public.

24.     Defendants' intentional infringement of Plaintiff's Mark and unfair competition is causing irreparable injury to Plaintiff, and, unless the injunction sought in this Complaint is granted, will continue to cause irreparable injury to Plaintiff due to the confusion, mistake, and deception that will be and has been generated among the trade and the public. Plaintiff has suffered and will continue to suffer damage, the exact amount of damage being unknown to Plaintiff at this time. The damage to Plaintiff is, and will continue to be, irreparable because, among other reasons, of the continuing nature of the trademark infringement and unfair competition which would necessitate a multiplicity of suits for damages if the continuance of the wrongs is not enjoined.

25. All conditions precedent to the institution and maintenance of this action have occurred or been performed by Plaintiff.

26. Plaintiff has engaged the law firm of Stanton IP Law Firm, P.A. to represent it and are obligated to pay its attorneys a reasonable fee for their services in this action.

### FIRST CLAIM FOR RELIEF

### (Federal Trademark Infringement against all Defendants)

27. Plaintiff re-avers and re-state the foregoing Paragraphs 1-26 inclusively as if fully set forth herein.

28. This is an action for an injunction arising under 15 U.S.C. §§ 1114 and 1116, and for damages arising under 15 U.S.C. §§ 1114 and 1117.

29. Defendants have, by virtue of its above-described acts, infringed upon Plaintiff's rights in its federal trademark registrations in violation of 15 U.S.C. § 1114.

30. Defendants' above-described acts of infringement have been committed, and are continuing to be committed, willfully and with the knowledge that Defendants' Mark is intended to be used to cause confusion, or to cause mistake, or to deceive.

31. Defendants' above-described acts of infringement have caused irreparable injury to Plaintiff and will continue to cause irreparable injury to Plaintiff if Defendants are not restrained by this Court from further violating Plaintiff's trademark rights due to the confusion, mistake, or deception that will likely be generated among the trade and the public as a consequence of the above-described acts of infringement. Plaintiff has no adequate remedy at law.

32. As a result of the above-described intentional and deliberate infringement of Plaintiff's trademark rights by Defendants, Plaintiff is entitled to an injunction and an award of Defendants' profits, up to three (3) times any damages sustained by Plaintiff, costs of this action,

and attorneys' fees, all as set forth in 15 U.S.C. §§ 1116 and 1117, subject to the discretion of this Court.

## SECOND CLAIM FOR RELIEF

### (Federal Unfair Competition against all Defendants)

33. Plaintiff reallege paragraphs 1 through 26 of this Complaint as if fully restated herein.

34. This is an action for an injunction arising under 15 U.S.C. §§ 1125 and 1116, and for damages arising under 15 U.S.C. §§ 1125 and 1117.

35. Defendants have, by virtue of the above-described acts, infringed upon Plaintiff's federally registered and common law rights in the Mark and are competing unfairly with Plaintiff by falsely designating Defendants' services as originating with Plaintiff or legitimately connected with Plaintiff in violation of 15 U.S.C. § 1125.

36. Defendants' above-described acts of infringement and unfair competition have been committed, and are continuing to be committed, willfully with the knowledge that Defendants' Mark is intended to be used to cause confusion, or to cause mistake, or to deceive.

37. Defendants' above-described acts of infringement and unfair competition have caused irreparable injury to Plaintiff and will continue to cause irreparable injury to Plaintiff if Defendants are not restrained by this Court from further violating Plaintiff's trademark rights and competing unfairly with Plaintiff due to the confusion, mistake or deception that will likely be generated among the trade and the public as a consequence of the above-described acts of infringement and unfair competition. Plaintiff has no adequate remedy at law.

38. As a result of the above-described intentional and deliberate infringement of Plaintiff's trademark rights and unfair competition by Defendants, Plaintiff is entitled to an

injunction and an award of Defendants' profits, up to three (3) times any damages sustained by Plaintiffs, costs of this action, and attorneys' fees, all as set forth in 15 U.S.C. §§ 1116 and 1117, subject to the discretion of this Court.

### THIRD CLAIM FOR RELIEF

#### (Common Law Unfair Competition against all Defendants)

39. Plaintiff reallege paragraphs 1 through 26 of this Complaint as if fully restated herein.

40. This is an action against Defendants for damages and injunctive relief for common law unfair competition under Florida law due to Defendants' infringement of a common law trademark.

41. Plaintiff is the owner of the common law trademark for **SELLING TAMPA BAY**.

42. Defendants are intentionally advertising services to members of the public under an identical and/or highly similar mark to those of Plaintiff.

43. Plaintiff adopted and used the Mark prior to Defendants' corresponding use.

44. Defendants' use of Defendants' Mark is confusingly similar to Plaintiff's use of its Mark, is used for highly similar and/or related services, is directed at the same customers and is likely to cause confusion or mistake among ordinary purchasers in the marketplace as to the source, origin, association or sponsorship of Plaintiff's services with those of Defendants.

45. Defendants' infringement of the mark has caused, and is continuing to cause, irreparable harm to Plaintiff's business.

46. Unless restrained and enjoined, Defendants' conduct is likely to continue.

47. Defendants' conduct is willful, wanton, malicious, deliberate and with reckless disregard for Plaintiff's rights entitling Plaintiff to an award of punitive damages.

WHEREFORE, Plaintiff demands judgment against Defendants for:

a) an injunction preliminarily during the pendency of this action and thereafter permanently enjoining and restraining Defendants, their officers, agents, servants, employees, and attorneys, and all other persons in active concert or participation with them, from infringing Plaintiff's trademark rights and unfairly competing with Plaintiff in any manner whatsoever in connection with the operation of its business, and from continuing to operate its business in any manner tending to confuse or deceive the public into believing that its business is in any way connected with, sponsored by, or affiliated with Plaintiff;

b) an order directing Defendants to file with the Court and serve upon Plaintiff a report in writing under oath setting forth in detail the manner and form in which Defendants have complied with the injunction entered by the Court within thirty (30) days after the entry of the injunction in compliance with 15 U.S.C. § 1116(a);

c) an accounting of Defendants' wrongfully derived profits and an order that the same be paid over to Plaintiff;

d) up to three (3) times any damages sustained by Plaintiff;

e) punitive damages;

f) restitution to Plaintiff of any and all money Defendants have acquired by means of unfair competition;

g) interest on such profits and damages at the highest rate allowed by law;

h) costs of this action;

i) attorneys' fees; and

j) such other relief as the Court may deem just and appropriate.

## DEMAND FOR JURY TRIAL

Plaintiff, by and through its undersigned attorneys, request a trial by jury on all issues so triable.

## RESERVATION OF RIGHTS

Plaintiff reserves the right, upon further investigation and discovery, to assert such claims against Defendants and other responsible parties as may be just and appropriate under the circumstances.

Dated: May 26, 2021

Respectfully submitted,

/s/Thomas Stanton, Esq.
Thomas Stanton, Esq.
Florida Bar No. 127444
Stanton IP Law Firm, P.A.
201 E. Kennedy Blvd., Suite 825
Tampa, FL  33602
813-421-3883
tstanton@stantoniplaw.com

David L. Reider, Esq.
Florida Bar No. 95719
Stanton IP Law Firm, P.A.
201 E Kennedy Blvd., Suite 825
Tampa, FL  33602
dreider@stantoniplaw.com

*Attorneys for Plaintiff*