UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

SELLING TAMPA BAY, LLC,

    Plaintiff,

v.                                                       Case No. 8:21-cv-1281-TPB-AAS

JENNIFER GUILIANO ZALES, LLC,
COLDWELL BANKER RESIDENTIAL
REAL ESTATE, LLC, and JENNIFER
GUILIANO ZALES,

    Defendants.
_____/

**ORDER DENYING "DEFENDANTS' MOTION TO DISMISS
PURSUANT TO FED. R. CIV. P. 12(b)(6) AND 12(b)(7)"**

This matter is before the Court on "Defendants' Motion to Dismiss Pursuant to Fed. R. Civ. P. 12(b)(6) and 12(b)(7)," filed by counsel on August 20, 2021. (Doc. 27). On August 17, 2020, Plaintiff Selling Tampa Bay, LLC filed a response in opposition to the motion. (Doc. 30). After reviewing the motion, response, court file, and the record, the Court finds as follows:

**Background**

In this trademark infringement action, Plaintiff Selling Tampa Bay, LLC is a Tampa-based real estate company that, among other things, offers real estate brokerage services. Plaintiff is the owner of the "SELLING TAMPA BAY" trademark, which it has used continuously since at least 2011. Defendant Coldwell Banker is an established residential real estate franchise system with 3,000 offices in 49 countries and territories. Defendant Zales, LLC and its principal Jennifer

Guiliano Zales, are real estate agents associated with Coldwell Banker. Defendants operate in the Tampa Bay area.

In its complaint, Plaintiff alleges that Defendants began to use "SELLING TAMPA BAY" to advertise "luxury real estate services . . . in a variety of print and online publications, including the Tampa Bay Business Journal, PewterReport.com, and other related mediums." Plaintiff contends that Defendants have, by virtue of these acts, infringed upon Plaintiff's federally registered and common law rights in the mark and are unfairly competing with Plaintiff. Plaintiff seeks damages as well as an injunction to prevent further infringement. Defendants have moved to dismiss this lawsuit, arguing that Plaintiff has failed to state a claim and has failed to join a necessary party.

**Legal Standard**

Federal Rule of Civil Procedure 8(a) requires that a complaint contain "a short and plain statement of the claim showing the [plaintiff] is entitled to relief." Fed. R. Civ. P. 8(a). While Rule 8(a) does not demand "detailed factual allegations," it does require "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). In order to survive a motion to dismiss, factual allegations must be sufficient "to state a claim to relief that is plausible on its face." *Id.* at 570.

When deciding a Rule 12(b)(6) motion, review is generally limited to the four corners of the complaint. *Rickman v. Precisionaire, Inc.*, 902 F. Supp. 232, 233 (M.D. Fla. 1995). Furthermore, when reviewing a complaint for facial sufficiency, a

court "must accept [a] [p]laintiff's well pleaded facts as true, and construe the [c]omplaint in the light most favorable to the [p]laintiff." *Id.* (citing *Scheuer v. Rhodes*, 416 U.S. 232, 236 (1974)). "[A] motion to dismiss should concern only the complaint's legal sufficiency, and is not a procedure for resolving factual questions or addressing the merits of the case." *Am. Int'l Specialty Lines Ins. Co. v. Mosaic Fertilizer, LLC*, 8:09-cv-1264-T-26TGW, 2009 WL 10671157, at *2 (M.D. Fla. Oct. 9, 2009) (Lazzara, J.).

Rule 12(b)(7) allows a defendant to move to dismiss an action for failing to join a party under Rule 19. The moving party bears the burden of producing evidence to support its motion. *Clay v. AIG Aerospace Ins. Services, Inc.*, 61 F. Supp. 3d 1255, 1266 (M.D. Fla. 2014) (citing *Molinos Valle Del Cibao, C. por A. v. Lama*, 633 F.3d 1330, 1334 (11th Cir. 2011)). To determine whether an action should be dismissed, the court engages in a two-step analysis, first considering whether the party in question is a required party who should be joined if feasible. *Focus on the Fam. v. Pinellas Suncoast Transit Auth.*, 344 F.3d 1263, 1280 (11th Cir. 2003); *Maletta v. Woodle*, No. 2:20-cv-1004-JES-MRM, 2021 WL 2856632, at *2 (M.D. Fla. July 8, 2021). If the party should be joined but cannot, then the court evaluates whether the litigation may continue by applying the factors enumerated in Rule 19(b). *Focus on the Fam.*, 344 F.3d at 1280; *Maletta*, 2021 WL 2856632, at *2.

*Failure to State a Claim*

Defendants seek dismissal of the complaint, arguing that Plaintiff cannot state a plausible claim for direct or contributory infringement because Defendants

did not "use" the mark and merely sponsored an advertisement. Specifically, Defendants assert that the "Selling Tampa Bay" name was selected and controlled exclusively by the Tampa Bay Business Journal, and that Defendants simply paid money to run the advertisement. To support its motion, Defendant has filed a declaration from Defendant Jennifer Guiliano Zales.

However, at this stage of the proceedings, when considering whether Plaintiff has failed to state a claim, the Court cannot rely on the declaration and instead is limited to the four corners of the complaint. And upon review, the Court finds that Plaintiff has satisfied its pleading burden as its direct infringement claims.[1] *See* (Doc. 1); *Optimum Technologies, Inc. v. Henkel Consumer Adhesives, Inc.*, 496 F.3d 1231, 1241 (11th Cir. 2007) ("In order to prevail on a trademark infringement claim based on a federally registered mark, "the registrant must show that (1) its mark was used in commerce by the defendant without the registrant's consent and (2) the unauthorized use was likely to cause confusion, or to cause mistake or to deceive."). The Court notes that "a motion to dismiss should concern only the complaint's legal sufficiency, and is not a procedure for resolving factual questions or addressing the

---

[1] Although Defendants argue that Plaintiff has failed to state any contributory trademark infringement claims, it does not appear that Plaintiff has asserted such claims. *See Optimum Technologies, Inc.*, 496 F.3d at 1245-46 (declining to construe case as one for contributory trademark infringement). The complaint does not mention holding Defendants *contributorily* liable for the alleged infringement and Plaintiff's grievance instead appears to be based only on Defendants' alleged misuse of the mark. Moreover, there is no allegation that a third party – the Tampa Bay Business Journal – directly infringed the mark, nor is there any allegation of an intentional or knowing contribution to that infringement by Defendants. As such, the Court will not further address this argument for dismissal.

merits of the case." *Am. Int'l Specialty Lines Ins. Co.*, 2009 WL 10671157, at *2. Consequently, the motion to dismiss is denied as to this ground.

*Failure to Join*

Defendants also seek dismissal of the complaint under Fed. R. Civ. P. 12(b)(7) based on the failure to join a necessary party. Defendants argue that the Tampa Bay Business Journal is a necessary party who should be joined if feasible under Rule 19(a).

"A person who is subject to service of process and whose joinder will not deprive the court of subject-matter jurisdiction must be joined as a party if" the court is unable to accord complete relief among existing parties in that person's absence. Fed. R. Civ. P. 19(a)(1)(A). A person must also be joined if "that person claims an interest relating to the subject of the action and is so situated that" the person's absence may "impair or impede that person's ability to protect the interest" or leave an existing party subject to "inconsistent obligations because of that interest." Fed. R. Civ. P. 19(a)(1)(B).

Defendants have submitted evidence to show that the Court would not be able to accord complete relief between Plaintiff and Defendants without the joinder of the Tampa Bay Business Journal. Specifically, there is a request for injunctive relief, and the Tampa Bay Business Journal would be required to comply with any injunction as an entity running the allegedly infringing advertisements. *See, e.g., Winn-Dixie Stores, Inc. v. Dolgencorp, LLC*, 746 F.3d 1008, 1039 (11th Cir. 2014); *Lavender Health Care, LLC v. Redstone LLC*, No. 8:20-cv-2289-CEH-TGW, 2021 WL 4169796, at *9 (M.D. Fla. Sept. 14, 2021). As such, Defendants have met their

initial burden to show that the Tampa Bay Business Journal is a necessary party to this action.

However, dismissal is not an appropriate remedy. Defendants have not explained why the Tampa Bay Business Journal cannot simply be joined as a party to this action. Furthermore, although Plaintiff does not agree that the Tampa Bay Business Journal is a necessary party, Plaintiff has indicated that it does not object to joinder in this case. As such, the motion to dismiss is denied, but Plaintiff will be required to file an amended complaint to add the Tampa Bay Business Journal as a defendant in this case.

Accordingly, it is **ORDERED**, **ADJUDGED**, and **DECREED**:

(1) The motion to dismiss is **DENIED**.

(2) Plaintiff shall have sixty (60) days from the date of this Order to amend its complaint to include the Tampa Bay Business Journal as an additional party defendant and to effect service of process therein. Failure to do so may result in the dismissal of this action without prejudice without further notice.

**DONE** and **ORDERED** in Chambers, in Tampa, Florida, this 13th day of October, 2021.

**TOM BARBER**
**UNITED STATES DISTRICT JUDGE**